# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DIGITAL MEDIA TECHNOLOGY HOLDINGS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> DIGITAL CINEMA DISTRIBUTION COALITION LLC, <br><br> Defendant. | C.A. No. _____ <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INRINGEMENT

Digital Media Technology Holdings, LLC ("DMTH" or "Plaintiff"), by and through undersigned counsel, submits this complaint for patent infringement under the patent laws of the United States, Title 35 United States Code, against Digital Cinema Distribution Coalition LLC ("DCDC" or "Defendant").

## PARTIES AND RELATED ENTITIES

1. DMTH is a limited liability company organized and existing under the laws of the State of Delaware with a principal place of business in Toronto, Canada.

2. DCDC is a limited liability company organized and existing under the laws of the State of Delaware with a principal place of business in Los Angeles, California.

3. DCDC is a joint venture of AMC Entertainment Holdings, Inc. ("AMC"), Cinemark Holdings, Inc. ("Cinemark"), Regal Entertainment Group ("Regal"), Universal City Studios LLC d/b/a Universal Pictures ("Universal"), and Warner Bros. Discovery, Inc. ("Warner"). (Exhibit C at 1).

4. AMC is a corporation organized and existing under the laws of the State of Delaware with a principal place of business in Leawood, Kansas, which operates a chain of movie theaters throughout the United States under the "AMC Theatres" brand.

5. Cinemark is a corporation organized and existing under the laws of the State of Delaware with a principal place of business in Plano, Texas, which operates a chain of movie theaters throughout the United States under the "Cinemark Theatres" brand.

6. Regal is a corporation organized and existing under the laws of the State of Delaware with a principal place of business in Knoxville, Tennessee, which operates a chain of movie theaters throughout the United States under the "Regal" brand.

7. Universal is a limited liability company organized and existing under the laws of the State of Delaware with a principal place of business in Universal City, California, which operates the movie studio commonly known as "Universal Pictures" or "Universal Studios."

8. Warner is a corporation organized and existing under the laws of the State of Delaware with a principal place of business in New York City, New York, which operates a business division under the "Warner Bros. Entertainment" brand.

## JURISDICTION AND VENUE

9. This Court has federal question jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) because DMTH seeks relief under the Patent Act, 35 U.S.C. § 271 et seq., including remedies for infringement of a United States Patent owned by DMTH.

10. This Court has personal jurisdiction over DCDC because DCDC is incorporated in the State of Delaware.

11. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b) and 1400 because DCDC is incorporated in the State of Delaware and a substantial part of the events giving

rise to DMTH's claims occurred in this Judicial District, including the distribution of multimedia into this Judicial District.

## FACTUAL ALLEGATIONS

### I.   The Asserted Patent

12.   DMTH is the owner of U.S. Patent No. 7,574,725 (the "'725 Patent" or "Asserted Patent") titled "Multimedia Marketing and Distribution System." A true and correct copy of the '725 Patent is attached hereto as Exhibit A.

13.   The '725 Patent was duly and lawfully issued on August 11, 2009, by the United States Patent and Trademark office and was valid and enforceable at all times between its date of grant and its expiration.

14.   The sole inventor of the Asserted Patent is Nicholas Stiliadis, an individual currently residing in Toronto, Canada.

15.   Mr. Stiliadis is the founder and CEO of DMTH.

16.   The '725 Patent discloses systems and methods for marketing and distributing multimedia material, such as motion pictures and television programming, over a computerized network. These systems and methods operate principally through internet servers and digital content platforms, where producers can upload the multimedia material and purchasers can download or view the multimedia material.

### II.   Infringement by DCDC

17.   DCDC provides theatrical digital delivery services across North America through a specially created network comprised of next-generation satellite and terrestrial distribution technologies. (Exhibit C at 1).

18.  DCDC has infringed the Asserted Patent by making, using, selling, and offering for sale systems and methods for marketing and distributing multimedia materials, such as motion pictures, over a computerized network, such as broadband internet and satellite link. Specifically, DCDC's network for marketing and distributing multimedia materials embody the inventions claimed in the Asserted Patent.

19.  DCDC's network across the U.S. includes 560 exhibitors and over 60 content providers. (Exhibit E). DCDC's network covers over 3.100 sites and 33,000 screens. (*Id.*)

20.  DCDC distributes multimedia content and advertising materials to end users through its Customer Portal. (Exhibit D at 4-5).

**COUNT I**
**INFRINGEMENT OF THE 725 PATENT**

21.  DMTH incorporates and realleges paragraphs 1 through 20 as if fully set forth herein.

22.  As outlined in the infringement claim chart attached as Exhibit B, DCDC's network has infringed at least claim 1 of the '725 Patent by making, using, selling, or offering for sale in the United States, infringing services in violation of 35 U.S.C. § 271, literally or under the doctrine of equivalents.

23.  DCDC's acts of infringement of the '725 Patent have caused damages to DMTH for which DMTH is entitled to compensation pursuant to 35 U.S.C. § 284.

**PRAYER FOR RELIEF**

WHEREFORE, DMTH requests judgment against DCDC as follows:

A.  adjudging that DCDC has infringed the Asserted Patent, either literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271;

B.  ordering DCDC to pay damages adequate to compensate DMTH for DCDC's

infringement of the Asserted Patent, including pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284; and

    C.    such other and further relief that the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

DMTH hereby demands trial by jury of all issues so triable.

Dated: December 5, 2024

*Of Counsel:*

John C. Carey
**CAREY RODRIGUEZ LLP**
1395 Brickell Avenue, Suite 700
Miami, Florida 33131
(305) 372-7474
jcarey@careyrodriguez.com

 /s/ Daniel A. Taylor
Robert J. Katzenstein (No 378)
Daniel A. Taylor (No. 6934)
**SMITH KATZENSTEIN JENKINS LLP**
1000 West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
rjk@skjlaw.com
dat@skjlaw.com

*Attorneys for Plaintiff Digital Media Technology Holdings, LLC*